IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALEX ALFONSO SALAVERRIA, II, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-229-O-BP |
| § | |
| AMERICAN AIRLINES GROUP, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Alex Alfonso Salaverria's complaint, filed February 13, 2024. ECF No. 3. Upon transfer to the Fort Worth division of this Court (ECF No. 5), the case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 6. After considering the pleadings and applicable legal authorities, and as part of the 28 U.S.C. § 1915(e)(2) screening process, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case because it does not state a claim upon which relief can be granted, but with leave for the plaintiff to file an amended complaint if he does so by the deadline the Court sets.

**I.     BACKGROUND**

Plaintiff Alex Alfonso Salaverria ("Salaverria") filed a complaint against American Airlines Group ("American Airlines") and related individuals, essentially alleging that after they failed to transport him to his final destination, they did not return his luggage containing $17,500.00 worth of medications, plus other items. ECF No. 3 at 4. He also attaches e-mails and other documents that appear to relate to similar litigation he brought in the Southern District of New York, perhaps hoping to call this litigation to the attention of this Court or the Fifth Circuit.

*Id*. at 6-12. The Court will generally refrain from remarking on these documents, not wishing to interfere with pending litigation in other Courts. Furthermore, he attaches an e-mail apparently alleging obstruction of justice and evidence tampering in the instant case in this Court. *Id*. at 13-15. Some of the information in the e-mails is fanciful at best. *See, e.g.*, *id*. at 14 ("In addition then single fact that EVIDENCE has been stolen by POLITICALLY motivated circumstances, I do not TRUST even the UNITED STATES POSTAL SERVICE as 'they' have tampered with POSTAL FEDERAL MAIL in a recent past, which constitutes a FEDERAL CRIME. The rest does not take ROCKET SCIENCE to understand . . .").

As for his causes of action, Salaverria pleads few if any facts and in conclusory fashion references "Constitutional Torts Claim 42 U.S.C. Section [omitted]," "Combination Bivens Action 403 U.S. 388 (1971)," "Breach of Contract: Conditions of Carriage," and "Breach of Bailment Contract." *Id*. at 3. The Court also interprets the complaint to allege that the defendants negligently lost his luggage in violation of state tort law. *Id*. at 4. Furthermore, the Court construes the complaint as attempting to bring criminal charges for obstruction of justice. *Id*. at 14. Salaverria seeks one billion dollars in damages, plus punitive damages. *Id*. at 4-5. However, none of his claims survive judicial screening under § 1915.

## II.   LEGAL STANDARD

### A.   Section 1915 Screening

When a plaintiff is proceeding *in forma pauperis*, the Court is authorized to screen his case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. E.E.O.C.,* 301 F.3d 227, 231-33 (5th Cir. 2002). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33.

    **B.**    **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

3

### C. Pro Se Plaintiffs

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers....'" *Id*. (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

## III. ANALYSIS

Salaverria has not stated facts to support a claim for any constitutional tort under 42 U.S.C. § 1983 or a plausible *Bivens* action because he has provided little to no explanation of how or why his constitutional rights were violated, nor who committed these violations. *See, e.g.*, ECF No. 3 at 4 ("AMERICAN AIRLINES GROUP is hereby an ACCOMPLICE to CALIFORNIA STATE ET. AL, FEDERAL AGENTS acting outside LEGAL JURISDICTION without Federal Court Orders."). He has not given any facts to show under § 1983 how a state actor caused his damages or explained how the actions of a federal officer did so. *See generally Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 42 U.S.C. § 1983. Therefore, the Court should dismiss these causes of action.

Likewise, he has not stated a claim for breach of contract or for the violation of conditions of carriage because he has not demonstrated the terms of any contract that existed, or shown that any of the other elements of breach of contract have been met. Salaverria has not shown how the law of any state applies to this case, but to recover on a suit for breach of contract under Texas

4

law, a plaintiff must "show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (internal citations and quotations omitted); *see also Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Salaverria has not pleaded any facts to show that any of the defendants breached a contract. Accordingly, the Court should dismiss these causes of action.

Liberally construed, Salaverria also brings a cause of action for negligence. "Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir.2003). But Salaverria's complaint states few, if any, facts to show that he suffered damages due to the negligence of any defendant, thus failing to raise his right to relief "above a speculative level." *Twombly*, 550 U.S. at 555. The Court should dismiss this claim as well.

Finally, the complaint appears to allege a violation of the obstruction of justice criminal statute, 18 U.S.C. § 1503, which led to a violation of Salaverria's due process rights. ECF No. 3 at 13-14. However, private citizens generally have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). Therefore, because only the government, not Salaverria, can take action under this statute, the Court should dismiss Salaverria's claims for obstruction of justice. As his allegations of evidence tampering are fanciful or delusional, the Court also should dismiss any due process claim he may be bringing—whether procedural or substantive—based on this alleged tampering. *See Denton*, 504 U.S. at 32-33. To the extent that Salaverria brings claims beyond those described

above, the undersigned considers them to be fanciful, and the Court should dismiss them accordingly. *Id.*; *see also, e.g.*, ECF No. 3 at 14 (containing a cursory reference to "constant monitoring and ILLEGAL SURVEILLANCE.").

## IV.    CONCLUSION

Because Salaverria's complaint does not state facts to support a cause of action and does not plead facts to show plausible claims, the undersigned recommends that Judge O'Connor **DISMISS** the plaintiff's Complaint (ECF No. 3) under 28 U.S.C. § 1915(e)(2) as delusional and frivolous, and for failure to state a claim. The undersigned further recommends that the dismissal be with leave for Salaverria to file an amended complaint that addresses the deficiencies mentioned above on or before fourteen days after Judge O'Connor rules on these findings, conclusions, and recommendation, or such other time as he may order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the

time to file objections to 14 days).

    **SIGNED** on July 1, 2024.

_/s/ Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE
